IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GERRI MARIE ARMSTRONG                                                                   PLAINTIFF

V.                                              NO. 11-3049

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Gerri Marie Armstrong, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner' decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff filed her applications for DIB and SSI on June 30, 2008, alleging an inability to work since January 2, 2004, due to "Pinched Nerve in the neck, Damaged Disc I have damaged disc that is pinching a nerve - Pinched nerve in my neck and damaged disc." (Tr. 54, 158). An administrative hearing was held on September 23, 2009, at which Plaintiff appeared with counsel, and she and her husband and daughter testified. (Tr. 15-46).

By written decision dated January 28, 2010, the ALL found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - back

-1-

disorder and chronic obstructive pulmonary disease (COPD). (Tr. 56). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 57). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit for about 6 hours during an 8-hour work day and can stand and walk for at least 2 hours during an eight-hour workday. The claimant can frequently push and pull and occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant can frequently reach, handle, and finger, but cannot reach overhead. The claimant is to avoid concentrated exposure to dusts, fumes, gases, odors and poor ventilation.

(Tr. 57). With the help of a vocational expert (VE), the ALJ determined that Plaintiff could perform work as a clerical worker, assembly worker, and cashier II. (Tr. 61).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence, and denied that request on May 9, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 2). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 10).

Plaintiff also filed a Motion to Supplement Record with Missing New Evidence. (Doc. 8). Defendant has responded to Plaintiff's motion in his appeal brief, and this motion will be decided herein as well.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALL's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALL, the decision of the ALL must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.    Discussion:

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALR's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed

the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

Among the records submitted to the Appeals Council, designated as Exhibit 19F and 20F, are reports from Dr. Bill Mears, a cardiologist with Harrison Cardiology Clinic, dated October 13, 2009, and December 22, 2009. Although the records are dated prior to the ALJ's decision, it does not appear that the ALJ had these reports before him. In both reports, Dr. Mears diagnosed Plaintiff with cardiomyopathy and chronic fatigue. (Tr. 448, 449). Prior to these reports, the ALJ did have before him the September 1, 2009 report of Dr. Mears, who indicated that Plaintiff had a questionable abnormal echo and that a MUGA scan would be scheduled within a week. (Tr. 426). In addition, the record of the August 24, 2009 visit to Dr. Klepper, Plaintiff's treating physician, who noted Plaintiff had decreased ejection fraction, was before the ALJ. (Tr. 431). Although Dr. Keppler reported that the echocardiogram showed mild decreased ejection fraction but no specific issues," he nevertheless felt that a cardiology referral was necessary. Therefore, there was nothing before the ALJ to indicate that Plaintiff had any serious heart issues. However, the records before the Appeals Council contained diagnoses of cardiomyopathy, and the Court cannot say that had the ALJ had these diagnoses before him, that he might have weighed this evidence more heavily, and required further evaluation on Plaintiff's functional abilities.

Although the case of Snead v. Barnhart, 360 F.3d 834 (8th Cir. 2003) can be distinguished from the facts of this case, the Court nevertheless finds the reasoning persuasive. In Snead, the ALJ accepted as credible the evidence showing that Plaintiff suffered from congestive heart

failure due to dilated cardiomyopathy. Id. at 838. The ALJ gave no consideration to what effect this underlying heart condition might have on Plaintiff's ability to work, in light of a physician's report that Plaintiff could do no work. The Eighth Circuit found that if the physician's opinion found support in uncontradicted clinical evidence, that opinion could potentially receive "controlling weight" under social security regulations as the opinion of Plaintiff's treating physician. Id.

> Because this evidence might have altered the outcome of the disability determination, the ALJ's failure to elicit it prejudiced [Plaintiff] in his pursuit of benefits. . . .
> Once aware of the crucial issue of [Plaintiff's] cardiomyopathy, the ALJ should have taken steps to develop the record sufficiently to determine whether Dr. Chaudhuri's evidence deserved controlling weight. The ALJ should have understood that [Plaintiff's] heart condition, a condition that generally results in death, might be expected to seriously limit his ability to work for well beyond the twelve-month statutory period. With this central and potentially dispositive issue unexplored by the ALJ, we have no confidence in the reliability of the RFC upon which the ALJ based his decision.

Id.

In the present case, the Court is of the opinion that had the ALJ had before it Dr. Mears' diagnoses of cardiomyopathy, he might have come to a different result, or at the very least, might have inquired further of Dr. Mears as to Plaintiff's ability to function in the workplace.

Accordingly, the Court finds it necessary to **remand this matter** in order for the ALJ to consider and address all the medical evidence dated during the relevant time period. The ALJ should also obtain a Physical RFC Assessment from Dr. Mears if possible, relating to the relevant time period.

Since the Court is remanding this matter, **Plaintiff's Motion to Supplement the Record (Doc. 8), is denied as moot.**

V. **Conclusion:**

Based upon the foregoing, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 27th day of June, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE